**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES SIDNEY ROBINSON, #848990, Petitioner,** | ) | |
| **v.** | ) | **3:04-CV-2611-N** |
| **DOUGLAS DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondents.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Terrell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Rosharon, Texas. Respondent is the Director of TDCJ-CID. The court issued process in this case.

Statement of Case: Following a bench trial in the 18th District Court of Johnson County, Texas, Cause No. 32706, the trial court found Petitioner guilty of the following offenses and assessed the following sentences:

| | |
|---|---|
| count 1 – sexual assault of a child | 20 years |
| count 2 – prohibited sexual conduct | 5 years (stacked on the 20-year sentence of count 1) |
| count 3 – indecency with a child | 10 years (stacked on the 5-year sentence of count 2) |
| count 4 – sexual assault | 20 years (to run concurrently with count 1) |
| count 5 – sexual assault | 20 years (to run concurrently with count 1) |
| count 7 – indecency with a child | 5 years (stacked on the 10-year sentence of count 3) |

Petitioner's convictions were affirmed on appeal. *Robinson v. State*, No. 10-98-346-CR (Tex. App. – Waco, delivered Feb. 23, 2000) (unpublished). Petitioner did not file a petition for discretionary review. (Petition (Pet.) at 3).

Thereafter, Petitioner filed three state habeas corpus applications pursuant to art. 11.07, Texas Code of Criminal Procedure, and a motion for leave to file a petition for writ of mandamus in the Court of Criminal Appeals. The first application, filed on July 17, 2000, was denied by the Court of Criminal Appeals on November 22, 2000. *Ex parte Robinson*, No. 47,676-01, at 9 and cover. The second and third applications, filed on June 18, 2001, and November 14, 2003, were dismissed by the Court of Criminal Appeals as subsequent applications pursuant to Tex. Code Crim. Pro. art. 11.07 § 4 on August 22, 2001, and January 28, 2004, respectively. *Ex parte Robinson*, Nos. 47,676-02 and 04. The Court of Criminal Appeals also denied leave to file a petition for writ of mandamus on August 13, 2003. *Ex parte Robinson*, No. 47,676-03 at cover.

In this federal petition, filed on December 3, 2004, Petitioner alleges ineffective assistance of trial counsel, insufficiency of the evidence, illegal sentencing, and malicious acts of vengeance against Petitioner.[1]

---

[1] For purposes of this recommendation, the petition is deemed filed on November 30, 2004, the date Petitioner certifies placing it in the prison mail. (Pet. at 9). See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

In response to this court's order to Show Cause, Respondent filed an answer to the habeas corpus petition, seeking dismissal of the petition as time barred. Alternatively Respondent seeks denial of the habeas petition as procedurally barred. Although granted an extension of time, Petitioner failed to file a reply.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition . Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Although Petitioner relies on the District Attorney's representation on August 14, 2002, that there was no physical evidence in connection with his convictions, (*see* Pet. at 7 and section of attached memorandum titled

"no physical property and/or evidence" pp. 3 and 7-8 of that section), Petitioner would have known at the time of his trial whether any physical evidence had been introduced. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final for purposes of the one-year period on March 24, 2000, thirty days after the Court of Appeals affirmed the judgment of conviction. *See* TEX. R. APP. P. 68.2(a) (effective September 1, 1997). The one-year period began to run on March 25, 2000, the day after his conviction became final, *see Flanagan v. Johnson,* 154 F.3d 196, 202 (5th Cir.1998). As of July 17, 2000, the date on which Petitioner filed his first art. 11.07 application, 114 days of the one-year limitation period had elapsed. The state application remained pending until November 22, 2000, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See also Sonnier v. Johnson,* 161 F.3d 941, 944 (5th Cir.1998); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir.1998). The one-year period resumed running on November 23, 2000. As of June 18, 2001, the date on which Petitioner filed his second art. 11.07 application, an additional 207 days of the one-year period elapsed. The second application remained pending until August 22, 2001, during which time the one-year period was tolled. The one year-period expired 44 days later on October 6, 2001, – more than three years before Petitioner filed the federal petition in this case. Therefore, the federal petition is clearly time barred.[2]

---

[2] The pendency of the motion for leave to file the mandamus application and the third art. 11.07 application did not statutorily toll the limitation period. First,

With respect to the doctrine of equitable tolling, the court notes that Petitioner does not rely on the same. Nevertheless, his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling, Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000). He repeatedly delayed the filing of his three art. 11.07 applications. Following the dismissal of his third art. 11.07 application, he waited ten entire months before submitting this federal petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is

---

these applications were filed after the one-year period had expired. As a result they were not pending in state court during the one-year limitation period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000); *Flanagan*, 154 F.3d at 202. Second, a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002) (state court mandamus application requesting that trial court be directed to rule on state habeas application was not an application for collateral review with respect to prisoner's conviction, and thus did not toll one-year limitation period), *cert. denied*, 537 U.S. 1236 (2003); *Jones v. Dretke*, 2004 WL 1683169, *2 (N.D.Tex. Jul 23, 2004) (concluding that since art. 11.07 is the only recognized Texas state procedure for collaterally attacking a criminal conviction, the filing of a petition for writ of mandamus did not toll running of the limitation period), Findings & Conclusions and Recommendation *accepted* (Dec. 3, 2004); *see also* 28 U.S.C. § 2244(d)(2) (statutory tolling is permitted during the time "a properly filed application for State post-conviction or other collateral review with respect to the ... judgment or claim is pending.").

not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, the magistrate judge concludes that Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner Charles Sidney Robinson, #848990, TDCJ-CID, Terrell Unit, 1300 FM 655, Rosharon, Texas 77583.

Signed this 13th day of June, 2005.

_

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.